UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-80110-BLOOM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSE A. ALVAREZ, et al.,

      Defendants.

_____/

## ORDER DENYING 3582(c)(2) MOTION

**THIS CAUSE** is before the Court upon the Defendant Jose A. Alvarez's ("Defendant")

Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and in Conjunction with the

Reduction Amendment 782, ECF No. [312] ("Motion"), filed on February 27, 2019.   Plaintiff, the

United States of America ("USA") filed a response, ECF No. [315] ("Response").   The Court has

carefully reviewed the Motion and Response, the record in this case, the applicable law, and is

otherwise fully advised.   For the reasons set forth below, the Motion is denied.

A federal grand jury indicted Defendant charging Defendant with conspiracy to possess

with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.   ECF

No. [57].   On October 9, 2014, Defendant pled guilty to the sole count of the indictment.   ECF

No. [138].   After hearing argument of counsel, the Court sentenced Defendant to a term of 180

months in prison.   ECF No. [213].   In the instant Motion, Defendant argues that he is eligible for

a sentencing reduction under Amendment 782 to the United States Sentencing Guidelines.

Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014,

lowered the penalties for most drug offenses by reducing most offense levels on the 2D1.1 Drug

Quantity Table by two levels, and making related adjustments. The Defendant was sentenced on February 18, 2015 based on the revised drug quantity table in the Sentencing Guidelines that became effective November 1, 2014. This edition of the Sentencing Guidelines included Amendment 782.   The Defendant has already received the benefit of the reduced drug sentence that resulted from the Amendment 782 to the Sentencing Guidelines.   As such, there is no basis to reduce his sentence further based on Amendment 782.

To the extent that the Defendant seeks a reduction in his sentence based on the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), the Court addresses that basis as well.   The Fair Sentencing Act was passed to reduce the disparity in treatment of cocaine base and powder cocaine offenses. *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging disparity).   But the Fair Sentencing Act was not made retroactively applicable until passage of the First Step Act.   Section 404(b) of the First Step Act expressly permits the Court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act . . . was in effect at the time the covered offense was committed."   Pub. L. No. 115-391, 132 Stat. 5194.   Thus, the changes in the statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (B) apply retroactively to a sentence rendered prior to the effective date of the Fair Sentencing Act—August 3, 2010.

The Defendant seeks relief under 18 U.S.C. § 3582(c)(2), which gives a court jurisdiction to reduce a defendant's sentence in response to retroactive changes to the Sentencing Guidelines. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2010).   The First Step Act was passed into law on December 21, 2018, but the Act does not cite 18 U.S.C. § 3582(c).   However, § 3582(c) provides the procedural vehicle through which this Court may modify Defendant's sentence. *See United States v. Maiello*, 805 F.3d 992, 999-1000 (11th Cir. 2015) (stating that a

2

court may modify a final sentence only when one of the limited exceptions in § 3582(c) applies).

One such narrow exception to the general prohibition against modifying a previously-imposed

sentence is found at 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an

imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule

35 of the Federal Rules of Criminal Procedure."   When the district court considers a § 3582(c)(2)

motion, it must apply a two-step approach.   *Dillon v. United States*, 560 U.S. 817, 826 (2010).

First, the court must determine if the defendant is eligible for relief under § 3582(c)(2), and if so,

determine the "amended guideline range that would have been applicable to the defendant had the

relevant amendment been in effect at the time of the initial sentencing."   *Id.* at 827 (quotation

omitted).   The court must then decide whether to exercise its discretion to impose the newly

calculated sentence under the amended Guidelines or retain the original sentence by considering

the § 3553(a) factors.   *Id.*

The only portion of the First Step Act that expressly permits a Court to reduce a previously-

imposed sentence is Section 404, which allows (but does not require) courts to retroactively apply

certain portions of the Fair Sentencing Act regarding the statutory penalties for offenses involving

cocaine base.   Upon review, Defendant is not eligible for relief under the First Step Act because

he was not convicted of a "covered offense."   Under the First Step Act, a "'covered offense'

means a violation of a Federal criminal statute, the statutory penalties for which were modified by

section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010."

Pub. L. 115-391, 132 Stat. 5194.   In this case, the Court sentenced Defendant to 180 months in

prison based upon his conviction for cocaine offenses involving 435 kilograms of cocaine.   As

Defendant was convicted of offenses involving cocaine, not cocaine base, Section 404 of the First

Step Act does not permit this Court to modify his sentence.

Case No. 14-cr-80110-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [312]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 9, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Jose A. Alvarez
05451-104
F Correctional Institution (low)
Housing Unit VB
Post Office Box 26020
Beaumont, Texas 77720-6020